ELLIS *v.* UNITED STATES (No. 2878)[1]

United States Court of Customs Appeals, May 7, 1927

*James W. Bevans* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*James R. Ryan,* special attorney, of counsel), for the United States.

[Oral argument April 19, 1927, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

So-called spear buoys imported at the port of New York were classified by the collector of customs as articles of metal and assessed for duty at 40 per centum ad valorem under that part of paragraph 399 of the Tariff Act of 1922 which reads as follows:

399. Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The importer protested that the spear buoys were cylindrical or tubular tanks or vessels for holding gases, liquids, or other materials and that they were, therefore, dutiable at 25 per centum ad valorem under that part of paragraph 328 of said act which reads as follows:

328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty * * * 25 per centum ad valorem.

---

[1] T. D. 42187.

The United States Customs Court held that the goods imported were something more than mere tanks or vessels for holding gases and that they were manufactures of metal as found by the collector. The protest of the importer was therefore overruled by the United States Customs Court and the importer appealed.

The merchandise imported consists of a hollow, amphora-shaped, water-tight, metal float, equipped at the top with a tube $9\frac{1}{2}$ feet long and $1\frac{1}{4}$ feet in diameter to which tube are attached supports for a lamp. The float is 12 feet long, of which $9\frac{1}{2}$ feet is intended to be submerged when the device is in operation. In place, the float at water level is 6 feet across and tapers to $1\frac{1}{4}$ feet at the top and to $1\frac{1}{2}$ feet, interior measurement, at the bottom. To the float is affixed a device for attaching chains in order that the float may be anchored and maintain its position in the water.

Even if the float could be considered a cylindrical or tubular tank or vessel, the article imported is something more than a mere tank, vessel, or container. It is equipped with a tube $9\frac{1}{2}$ feet long to which are attached supports for a lamp, and in order to make it a finished light buoy, nothing more is required than to put in place the lamp and the means for anchoring it.

The device imported, moreover, is not cylindrical or tubular in form and, therefore, can not be regarded as a cylindrical or tubular tank or vessel. Paragraph 328 provides for *cylindrical or tubular* tanks or vessels for holding gases, liquids, or other material and not for tanks or vessels regardless of shape, and much less for articles advanced beyond the status of tanks or vessels. In our opinion, therefore, the importation was not covered by the provisions of paragraph 328 as claimed by the importer and his protest was, therefore, properly overruled.

The judgment of the United States Customs Court is *affirmed.*